FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 2 0 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEANETTE BURGOS,

                              Plaintiff,

-against-

NASSAU COUNTY, NASSAU COUNTY
SHERIFF'S DEPARTMENT DIVISION OF
CORRECTIONS, NASSAU COUNTY
SHERIFF, and JANE DOE,

                              Defendants.
------------------------------------------------------------X

MEMORANDUM AND ORDER

14 CV 7382
(Wexler, J.)

APPEARANCES:

    NO APPEARANCE by Plaintiff pro se Jeanette Burgos

    NASSAU COUNTY ATTORNEY'S OFFICE
    BY: Liora M. Ben-Sorek, Esq.
    Attorney for Defendants
    One West Street
    Mineola, New York 11501

WEXLER, District Judge:

Plaintiff Jeanette Burgos commenced this case pursuant to 42 U.S.C. § 1983, alleging a violation of her constitutional rights under the Fourth and Fourteenth Amendments by Defendants. Currently before the Court is Defendants' motion to dismiss the complaint. Motion, Docket Entry ("DE") [19]. Plaintiff has not opposed the motion. For the reasons below, the motion is granted and the case is dismissed.

On or about November 30, 1996, Plaintiff was arrested for a misdemeanor offense in Nassau County. Upon admission to the Nassau County Correctional Center, Plaintiff was strip searched without her consent. Plaintiff was a member of a class action lawsuit before District Judge Denis R. Hurley involving other individuals subjected to strip searches by Defendants. *See* 99 CV 2844, 99 CV 3126, 99 CV 4238 (collectively, the "Nassau County Strip Search Cases").

The Nassau County Strip Search Cases were litigated over a period of many years and raised both federal and state constitutional claims. Defendants initially conceded liability, and decisions were issued on that basis. In 2013, however, Judge Hurley granted defendants' motion to vacate his earlier order as to liability on the federal constitutional claim due to an intervening change of law presented by the Supreme Court's decision in *Florence v. Bd. of Chosen Freeholders of Cnty. of Burlington*, 566 U.S. 318, 132 S. Ct. 1510 (2012). *See In re Nassau Cnty. Strip Search Cases*, 958 F. Supp. 2d 339 (E.D.N.Y. 2013). Judge Hurley denied the motion to vacate his finding of liability as to the state constitutional claim. *Id.* Final judgment in the Nassau County Strip Search Cases was entered "for defendants and against plaintiffs and the class on the federal constitutional claims" and for plaintiffs and the class on the state constitutional claim. Final Judgment of 4/10/14, 99-CV-2844, DE [465]. Pursuant to the judgment on the state claim, each class member could recover $500 per strip search. Class members also retained the option to pursue individual lawsuits for special damages. The Second Circuit affirmed Judge Hurley's decision, expressly finding that *Florence* represents an intervening change of controlling law as to the federal law claims and upholding the dismissal of those claims. *In re Nassau Cnty. Strip Search Cases*, 639 F. App'x 746, 751 (2d Cir. 2016) (summary order).

The complaint in the current case was filed on December 18, 2014 and contains a single federal claim under §1983, alleging that the strip search by defendants was not justified or reasonable and thus violated her constitutional rights under the Fourth and Fourteenth Amendments. All activity in this case was stayed pending the parties' appeal of the Final Judgment in the Nassau County Strip Search Cases. Upon lifting of the stay in this case,

defendants moved to dismiss.[1] Plaintiff has not opposed the motion, nor has she contacted the Court in way.

The sole claim presented by Plaintiff is the same federal claim presented, and ultimately rejected, in the Nassau County Strip Search Cases as barred by the Supreme Court's decision in *Florence*. She claims damages of "emotional distress, fear, humiliation and residual trauma" due to the strip search. Complaint, ¶¶22-23. A thorough review of Plaintiff's allegations reveals none that would differentiate her case in such a way that would avoid application of *Florence*. Accordingly, defendants' motion to dismiss is granted and the case is closed.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
April 20, 2017

---

[1] At the commencement of the case, Plaintiff was represented by counsel who presumably drafted the complaint. Upon the reopening of the case, and prior to the issuance of a briefing schedule for this motion, Plaintiff's counsel sought and was granted permission to withdraw, and Plaintiff elected to proceed *pro se*. See Notice of 9/16/16, DE [15].